UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FARRUGIA,<br><br>    Petitioner,<br><br>    v.<br><br>C. SWAIN,<br><br>    Respondent. | Case No. CV 18-07610-JAK (RAO)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION |

## I. **BACKGROUND**

On August 30, 2018, the Court received from Petitioner Thomas Farrugia ("Petitioner") a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 ("Petition"). (Dkt. No. 1.) Petitioner also filed a Memorandum of Points and Authorities in Support of Petition ("Pet. Mem."). (Dkt. No. 2.) Petitioner seeks relief from a statutorily-mandated sentence of life imprisonment imposed pursuant to 21 U.S.C. § 841(b)(1)(A). (*See* Pet. at 3-4; Pet. Mem. at 1, 7.)[1]

///

---

[1] The Court cites to the Petition, the Memorandum of Points and Authorities, and their respective attachments using the automatic pagination provided by the Court's electronic docket.

Petitioner is a federal prisoner currently incarcerated at the United States Penitentiary in Victorville, California. Petitioner's incarceration is the result of a 1994 prosecution in the United States District Court for the Eastern District of California for conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and possession, aiding, and abetting the possession of a listed chemical with the intent to manufacture methamphetamine, in violation of 21 U.S.C. § 841(d)(1).[2] *See United States v. Simone, et al.*, No. 1:92-cr-05164-AWI-5 (E.D. Cal.), Dkt. Nos. 460, 558.[3] The United States had filed an information pursuant to 21 U.S.C. § 851 ("Section 851 Information") to establish five prior felony drug convictions: (1) violation of the Uniform Controlled Substance Act of the State of Washington, on June 26, 1973; (2) conspiracy to manufacture a controlled substance, in violation of R.C.W. 69.50.407, on July 6, 1976; (3) manufacture of methamphetamine, in violation of R.C.W. 69.50.401, on July 6, 1976; (4) attempted manufacturing of methamphetamine, in violation of 21 U.S.C. § 846, on November 14, 1980; and (5) conspiracy to possess methamphetamine with the intent to distribute, in violation of 21 U.S.C. §§ 846 and 841(a)(1), on February 23, 1987. (*See* Pet. at 11-13.) As a result of the filing of the Section 851 Information, Petitioner faced a mandatory term of life imprisonment without release if convicted of conspiracy to manufacture methamphetamine. 21 U.S.C. § 841(b)(1)(A). After a jury convicted Petitioner, the District Court

---

[2] This section has been revised. The identical offense is now found at 21 U.S.C. § 841(c)(1).

[3] The Court takes judicial notice of the dockets of the Eastern District of California, the Southern District of Indiana, the Court of Appeals for the Ninth Circuit, and the Court of Appeals for the Seventh Circuit in the cases involving Petitioner cited herein. *See* Fed. R. Evid. 201 (providing that a court may take judicial notice of adjudicative facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (noting that a court may take judicial notice of federal and state court records).

sentenced him to a term of life imprisonment, plus ten years to run concurrently. (*See* Pet. at 2.)

Petitioner appealed to the Court of Appeals for the Ninth Circuit, where he raised several arguments related to his criminal trial, but he did not challenge his sentencing proceedings. *See United States v. Farrugia*, 91 F.3d 156, 1996 WL 403026 (9th Cir. 1996) (table). The Ninth Circuit affirmed the judgment of the District Court. *Id.* at *9. The United States Supreme Court denied the petition for writ of certiorari on March 31, 1997. *See Farrugia v. United States*, 520 U.S. 1160, 117 S. Ct. 1345, 137 L. Ed. 2d 503 (1997).

Petitioner proceeded to file several habeas petitions, all of which were denied, that primarily sought to compel further laboratory testing of evidence introduced at Petitioner's trial. *See, e.g.*, *Farrugia v. CR-F-92-5164 MDC*, Case No. 1:98-cv-05252-MDC (E.D. Cal., filed Mar. 18, 1998); *Farrugia v. United States*, No. 03-55044 (9th Cir., filed May 28, 2003); *Farrugia v. Warden, USP-Terre Haute*, No. 2:13-CV-104-WTL-MJD, 2015 WL 1565008 (S.D. Ind. Apr. 7, 2015), *aff'd*, No. 15-2089 (7th Cir. Dec. 14, 2015).

The Ninth Circuit repeatedly denied Petitioner's requests to file a second or successive § 2255 motion. *See Farrugia, et al. v. United States*, No. 01-71032 (9th Cir.) (denied July 13, 2001); *Thomas Farrugia v. United States*, No. 16-72142 (9th Cir.) (denied May 30, 2017); *Thomas Farrugia v. United States*, No. 17-72095 (9th Cir.) (denied Apr. 23, 2018).

## II. STANDARD OF REVIEW

Petitioner seeks relief by way of a habeas petition under 28 U.S.C. § 2241. A Court may apply the Rules Governing Section 2254 Cases in the United States District Courts to other types of habeas corpus actions, including actions under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases; *Lane v. Feather*, 584 F. App'x 843 (9th Cir. 2014); *Philip v. Tews*, No. CV 16-01987 CJC (AFM), 2016 WL 1732699, at *2 n.2 (C.D. Cal. Apr. 29, 2016).

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court may dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

### III. DISCUSSION

Petitioner asserts that his petition satisfies the exception for section 2255 petitions and is properly brought as a section 2241 petition. (*See* Pet. at 3-4; Pet. Mem. at 2-3.) For the reasons that follow, the Court finds that Petitioner cannot proceed with a section 2241 petition in this District.

**A. The Requested Relief is Properly Sought in a Section 2255 Motion**

Section 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention . . . ." *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). That is, as a general matter, "motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam); *see* 28 U.S.C. §§ 2241(d), 2255(a).

Petitioner contests the legality of his sentence rather than the manner, location, or conditions of its execution. Thus, Petitioner's request for relief

presumably should be asserted under section 2255. *See* 28 U.S.C. § 2255(a); *Hernandez*, 204 F.3d at 864. Petitioner contends that section 2255's "escape hatch" applies, allowing him to proceed with a section 2241 petition. (*See* Pet. at 3-4; Pet. Mem. at 2-3.) *See* 28 U.S.C. § 2255(e); *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008); *Stephens*, 464 F.3d at 897; *Hernandez*, 204 F.3d at 864-65.

Thus, whether Petitioner may proceed under section 2241 in this District turns on whether section 2255's escape hatch applies.

**B.     Petitioner Does Not Qualify for Section 2255's Escape Hatch**

Petitioner contends that proceeding under section 2241 in this District is appropriate because he is asserting actual and factual innocence. (Pet. at 3-4; Pet. Mem. at 2-3.) He contends that after his conviction and sentencing, new Ninth Circuit precedent has rendered his prior convictions ineligible for use in enhancing his sentence to life without release. (*See* Pet. Mem. at 3.)

**1.     Legal Standard**

As noted above, a section 2255 motion generally is "the exclusive means by which a federal prisoner may test the legality of his detention." *Stephens*, 464 F.3d at 897. "The one exception to the general rule is what [is] called the 'escape hatch' of § 2255." *Stephens*, 464 F.3d at 897; *see Harrison*, 519 F.3d at 956. "The escape hatch permits a federal prisoner to file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is inadequate or ineffective to test the legality of his detention." *Stephens*, 464 F.3d at 897 (quoting *Hernandez*, 204 F.3d at 864-65) (internal quotation marks omitted).

The escape hatch provision is found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus [on] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the

> remedy by motion is inadequate or ineffective to test the legality of his detention.

In the Ninth Circuit, "a motion meets the escape hatch criteria of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison*, 519 F.3d at 959 (quoting *Stephens*, 464 F.3d at 898) (internal quotation marks omitted); *see Muth v. Fondren*, 676 F.3d 815, 819 (9th Cir. 2012).

### 2. **Petitioner Does Not State a Claim of Actual Innocence**

"[A] claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in *Bousley v. United States*, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)." *Stephens*, 464 F.3d at 898. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)) (internal quotation marks omitted); *accord Stephens*, 464 F.3d at 898. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623-24 (citing *Sawyer v. Whitley,* 505 U.S. 333, 339, 112 S. Ct. 2514, 2518-19, 120 L. Ed. 2d 269 (1992)); *accord Muth*, 676 F.3d at 819. Rather, "[a] petitioner is actually innocent when he was convicted for conduct not prohibited by law." *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011).

Petitioner states that the sentencing court did not specify which two of Petitioner's prior convictions formed the basis for Petitioner's mandatory life sentence under 21 U.S.C. § 841(b)(1)(A). (*See* Pet. Mem. at 4.) Petitioner had objected to the use of his first prior conviction, contending that it was a misdemeanor and thus could not form the basis for an enhancement. (*See id.* at 4-5.) Petitioner also objected to the second and third convictions as being double

counted. (*See id.* at 4.) Petitioner states that the court did not allow him to object to the fourth and fifth convictions, and thus they are "eliminated" from being used to enhance his sentence. (*See id.* at 4, 7.) Petitioner therefore concludes that his sentence enhancement was based on two of his first three prior convictions. (*See id.* at 7.) Petitioner now challenges the use of his second and third prior convictions as qualifying felony convictions under the enhancement statute. (*See id.* at 7.)

Petitioner contends that *United States v. Ocampo-Estrada*, 873 F.3d 661 (9th Cir. 2017), rendered Petitioner's second and third prior offenses "categorically inconsist[e]nt with 'felony drug offenses' as used in the statute." (Pet. Mem. at 4-5.) Petitioner asserts that the Washington state statutes under which he was convicted are categorically dissimilar to the comparable federal offenses, and thus they cannot serve as qualifying prior felonies for his sentencing enhancement. (Pet. Mem. at 5-7.) Petitioner also observes that *United States v. Brown*, 879 F.3d 1043, 1048 (9th Cir. 2018), found that the definition of "conspiracy" as used in R.C.W. 69.50.407, the basis for Petitioner's second offense, "covers conduct that would not be covered under federal law." (Pet. Mem. at 6.) Accordingly, Petitioner argues that he "is actually innocent of having two qualifying convictions in the category that would have constituted elements of the offense." (*Id.* at 7.)

As the Ninth Circuit has acknowledged, "some courts have suggested that a petitioner may qualify for the escape hatch if he received a sentence for which he was statutorily ineligible." *Marrero v. Ives*, 682 F.3d 1190, 1194-95 (9th Cir. 2012). However, the Ninth Circuit specifically declined to endorse such an exception at that time, finding that it was irrelevant under the facts of *Marrero. Id.* at 1195.

Another court in this District recently declined to construe a claim of improper sentence enhancement as a claim of actual innocence. *See Santamaria v. Langford*, No. 2:18-CV-02299-RGK-KES, 2018 WL 2422600 (C.D. Cal. Apr. 18, 2018), *report and recommendation adopted*, 2018 WL 2446640 (C.D. Cal. May 29,

7

2018). There, a petitioner contended that, pursuant to *Ocampo-Estrada*, his prior convictions under the California Health and Safety Code were improperly used to enhance his sentence under 21 U.S.C. § 841(b)(1)(A) for distribution of methamphetamine. *Id.* at *3. The court observed that the petitioner did not claim that he was actually innocent of distributing methamphetamine, and he instead argued that his sentence was improperly enhanced to a life sentence. *Id.* at *5. Citing *Marrero*, the court noted that a petitioner "generally cannot assert a cognizable claim of actual innocence of a noncapital sentencing enhancement." *Id.* (quoting *Marrero*, 682 F.3d at 1193).

Even if this Court were to accept that a claim of statutory ineligibility for a sentence is a claim of actual innocence, Petitioner has not shown that he is, in fact, statutorily ineligible for his life sentence.

Petitioner asserts that his fourth and fifth prior convictions are "eliminated" from serving as the basis for his sentencing enhancement because he was not permitted to object to their use at his sentencing hearing. (Pet. Mem. at 7.) When an information establishes prior convictions for use in enhancing a sentence, "the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence." 21 U.S.C. § 851(b). As a general rule, failure to comply with this requirement renders the sentence illegal. *United States v. Housley*, 907 F.2d 920, 921 (9th Cir. 1990) (citing *United States v. Garrett,* 565 F.2d 1065, 1072 (9th Cir. 1977)). However, non-prejudicial errors in complying with the procedural requirements of 21 U.S.C. § 851 do not require reversal. *United States v. Espinal*, 634 F.3d 655, 665 (2d Cir. 2011) (cited with approval in *United States v. Rodriguez*, 851 F.3d 931, 946 (9th Cir. 2017)).

The section 851 Information, filed on November 8, 1993, alleged that Petitioner's fourth conviction occurred in November 1980, and his fifth conviction occurred in February 1987. (*See* Pet. at 12-13.) Even if the court had allowed Petitioner an opportunity to object to the use of these convictions, Petitioner was precluded as a matter of law from challenging them, as they occurred more than five years before the information was filed. *See* 21 U.S.C. § 851(e) ("No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction."). The court's failure to strictly follow 21 U.S.C. § 851(b) and allow Petitioner the opportunity to object to his fourth and fifth prior convictions was therefore a harmless omission. *See United States v. Housley*, 907 F.2d 920, 921 (9th Cir. 1990) (accepting the Fifth Circuit's "persuasive" reasoning that strict compliance with 21 U.S.C. § 851(b) is not necessary when a defendant is precluded from attacking a conviction as a matter of law); *United States v. Smith*, 733 F. App'x 415, 416 (9th Cir. 2018) (finding harmless error when a court failed to comply with 21 U.S.C. § 851(b) but 21 U.S.C. § 851(e) precluded the defendant from challenging his prior convictions even if the sentencing court had permitted him to do so).

Because Petitioner's fourth and fifth prior convictions support Petitioner's eligibility for his life sentence,[4] Petitioner has failed to show that he is serving a sentence for which he is statutorily ineligible.

Petitioner has not shown that he was convicted for conduct not prohibited by law, and thus he does not state a claim of actual innocence. Petitioner therefore does not qualify for section 2255's escape hatch with respect to this claim, regardless whether he had an unobstructed procedural shot to present it. *See Harrison*, 519 F.3d at 959 (a section 2255 motion satisfies the escape hatch criteria

---

[4] As Petitioner notes, the court found all five prior convictions to be true. (*See* Pet. Mem. at 4; *see also* Pet. at 10.)

when a petitioner makes a claim of actual innocence *and* he lacked an unobstructed procedural shot at presenting the claim).

### C. Dismissal Rather Than Transfer of This Action Is Appropriate

The Court has concluded that the instant Petition does not qualify for section 2255's escape hatch and that Petitioner must proceed, if at all, by way of a section 2255 motion in the Eastern District of California. Consequently, the Court must determine whether to transfer this action to that District or to simply dismiss it.

Pursuant to 28 U.S.C. § 1631, "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . ." This statute applies in habeas proceedings. *See Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001); *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990); *see also Muth*, 676 F.3d 815 ("If the district court construes the filing as a § 2255 motion and concludes that it therefore lacks jurisdiction, it may transfer the case to the appropriate district."). "Transfer is appropriate under § 1631 if three conditions are met: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice." *Cruz-Aguilera*, 245 F.3d at 1074 (citing *Kolek v. Engen,* 869 F.2d 1281, 1284 (9th Cir. 1989)).

Here, this Court lacks jurisdiction over the instant Petition, and so the first requirement for transfer is satisfied. As discussed above, section 2255 motions must be filed in the sentencing court, while section 2241 petitions must be filed in the custodial court. *Hernandez*, 204 F.3d at 864; *see* 28 U.S.C. §§ 2241(d), 2255(a). The determination of which provision provides the proper avenue for relief implicates a court's jurisdiction over the matter. *See Hernandez*, 204 F.3d at 865 ("An inquiry into whether a § 2241 petition is proper . . . is critical to the determination of district court jurisdiction."); *see also Muth*, 6767 F.3d at 818. In

this case, Petitioner does not qualify for section 2255's escape hatch, and therefore this Court lacks jurisdiction.

The second condition for transfer is not satisfied in this case. If brought as a section 2255 motion in the Eastern District of California, the instant Petition would be a second or successive motion, as Petitioner previously has filed (and was denied relief on) a section 2255 motion. Petitioner thus would have to obtain authorization from the Ninth Circuit in order to proceed, and his failure to obtain authorization would deprive the Eastern District of California of jurisdiction over the motion. *See* 28 U.S.C. § 2255(h); *United States v. Lopez*, 577 F.3d 1053, 1061 (9th Cir. 2009) ("[A] petitioner must move for authorization from this court to file a 'second or successive' § 2255 motion in the district court, and the motion will be denied unless the petitioner makes a prima facie showing that satisfies the § 2255(h)(1) gatekeeping requirements. If the petitioner does not first obtain our authorization, the district court lacks jurisdiction to consider the second or successive application." (footnote and citation omitted)). Petitioner does not have the requisite authorization: a search of the Ninth Circuit's docket reveals that Petitioner's most recent request for leave to file a second or successive section 2255 motion was denied on April 13, 2018. *See Thomas Farrugia v. United States*, Case No. 17-72095. Thus, the Eastern District of California could not exercise jurisdiction over this action.

The third condition for transfer also is not satisfied in this case. Because the Eastern District of California could not exercise jurisdiction over the Petition, transfer of this action would not further the interests of justice. *See Cunningham v. Langford*, No. CV 16-5942 JAK (SS), 2016 WL 6637949, at *5-6 (C.D. Cal. Oct. 13, 2016) (dismissing rather than transferring a putative section 2241 petition, and stating that "the [Court of Appeals for the transferee district] has previously denied Petitioner leave to present his claim through a § 2255 motion, so transfer would

///

11

likely be futile" (citation omitted)), *report and recommendation adopted*, 2016 WL 6635626 (C.D. Cal. Nov. 9, 2016).

For these reasons, transfer of this action is not warranted, and dismissal is appropriate.

## IV. ORDER

Based on the foregoing, IT IS ORDERED THAT the Petition is **DISMISSED** without prejudice for lack of jurisdiction.

DATED: September 21, 2018

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

Presented by:

_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE